IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| **QUARTAVIOUS MALLORY and FREDRIC JOHNSON, On Behalf of Themselves and All Others Similarly Situated,** ) ) ) ) | |
| ) | **COLLECTIVE ACTION** |
| *Plaintiffs,* ) ) | **CASE NO.** _1:21-cv-103-GNS_ |
| ) | **JUDGE** _Chief Judge Greg N. Stivers_ |
| **v.** ) ) | **JURY DEMAND** |
| **TSW FABRICATION INC.,** ) ) | |
| *Defendant.* ) | |

**COLLECTIVE ACTION COMPLAINT**

1.      Plaintiffs Quartavious Mallory and Fredric Johnson ("Plaintiffs") bring this action against Defendant TSW Fabrication Inc. ("TSW" or "Defendant"), to recover unpaid wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs assert these FLSA claims as a collective action on behalf of themselves and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2.      Defendant owns and operates a steel construction business that specializes in fabrication, design, and erection.

3.      During the three-year period preceding the filing of this lawsuit and continuing through the present, Defendant has employed numerous steel and iron workers, including Plaintiffs, who were paid an hourly rate and whose pay was automatically deducted for a one-hour meal break when only a thirty-minute meal break was provided.

4.      Defendant automatically deducted one hour's pay for meal breaks that were only thirty-minutes in duration for Plaintiffs and all similarly situated employees at TSW.

## I. VENUE

5.      This Court has jurisdiction over Plaintiffs' claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and raise a federal question pursuant to 28 U.S.C. § 1331.

6.      Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because TSW Fabrication Inc. resides in this judicial district and conducts business in this district.

## II. PARTIES

7.      Plaintiff Quartavious Mallory is over the age of nineteen (19) and is a resident of Milledgeville, Baldwin County, Georgia. Plaintiff was employed by TSW as an iron worker from approximately August 2020 to April 2021.

8.      Plaintiff Fredric Johnson is over the age of nineteen (19) and is a resident of Hendersonville, Sumner County, Tennessee. Plaintiff was employed by TSW as a welder from approximately September 2020 to June 8, 2021.

9.      Plaintiffs Mallory and Johnson bring this action on behalf of themselves, and all similarly situated TSW employees whose pay was automatically deducted for a one-hour meal break when only a thirty-minute meal break was provided each workday.

10.     Defendant TSW Fabrication Inc. is a Kentucky corporation headquartered at 60 Lambert Road, Scottsville, Kentucky 42164.

11.     While Defendant is headquartered in Kentucky, Defendant also operates several branch locations including one such location in Tennessee.

12.     At all relevant times, TSW Fabrication Inc. has been regularly engaged in interstate commerce.

13.     At all relevant times, TSW Fabrication Inc. has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

## III. FACTS

14.     Plaintiffs Mallory and Johnson were employed by Defendant as iron workers and welders.

15.     From approximately August 2020 to April 2021, Defendant assigned Plaintiff Mallory to work in Nashville, Tennessee at the W Hotel construction site.

16.     From Approximately September 2020 to June 2021, Defendant assigned Plaintiff Johnson to work in Nashville, Tennessee at the same W Hotel construction site.

17.     As iron workers and welders, Plaintiffs Mallory and Johnson were required to gather construction materials, consult blueprints, lift heavy steel, including beams, and weld.

18.     Defendant paid Plaintiffs Mallory and Johnson an hourly wage of $24.00 per hour.

19.     At the beginning of their employment, Plaintiffs Mallory and Johnson were given a one-hour meal break. This one-hour meal break was automatically deducted from their paychecks.

20.     In early 2021, Defendant changed its meal break policy to provide only a thirty-minute meal break. However, Defendant continued to automatically deduct a full one-hour meal break from Plaintiff Mallory and Johnson's paychecks.

21.     As a result of this pay policy and practice, Plaintiffs Mallory and Johnson were regularly underpaid wages equal to thirty minutes of work for each workday.

22.     Plaintiffs and the similarly situated workers they seek to represent are iron workers and/or welders for TSW Fabrication Inc. whose pay was automatically deducted by one-hour each day when only a thirty-minute meal break was provided.

## IV. COLLECTIVE ACTION ALLEGATIONS

23.      Plaintiffs assert their FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all similarly situated individuals who fall into the following definition and who join this action by filing a consent form:

> All current and former hourly workers employed by TSW Fabrication Inc. at any time since July 8, 2018 whose pay was automatically deducted for a one-hour meal break.

24.      Plaintiffs' claims should proceed as a collective action because Plaintiffs Mallory and Johnson, and all other similarly situated employees, worked pursuant to the common meal break pay policy described herein and are therefore "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

## V. CAUSE OF ACTION

### COUNT I
### VIOLATION OF THE WAGE REQUIREMENTS OF THE FLSA

25.      All previous paragraphs are incorporated as though fully set forth herein.

26.      Plaintiffs assert this claim on behalf of themselves and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

27.      At all times material to the allegations herein, Plaintiffs were employees of Defendant and entitled to the FLSA's protections.

28.      The FLSA entitles employees be paid for all time worked in a work week. *See* 29 U.S.C. § 206(b).

29.      Here, starting in early 2021, Defendants regularly underpaid Plaintiffs for thirty minutes of work by improperly and automatically deducting their paychecks for a one-hour meal break when only a thirty-minute meal break was provided.

30.     As such, Defendant has violated the FLSA's wage mandate by underpaying Plaintiffs for all compensable time worked during the workweek.

31.     In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

32.     WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A.     A finding that Defendant has violated the FLSA;

B.     A finding that Defendant's FLSA violations are willful;

C.     A judgment against Defendant and in favor of Plaintiffs and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA;

D.     Prejudgment interest to the fullest extent permitted under the law;

E.     Liquidated damages to the fullest extent permitted under the FLSA;

F.     Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA; and,

G.     Such other and further relief as this Court deems just and proper in equity under the law.

## VII. JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: July 8, 2021                              Respectfully submitted,


                                                /s/ David W. Garrison
                                                **DAVID W. GARRISON (KY Bar No. 98528)**
                                                **JOSHUA A. FRANK (TN Bar No. 33294)\***
                                                BARRETT JOHNSTON MARTIN & GARRISON, LLC
                                                Philips Plaza
                                                414 Union Street, Suite 900
                                                Nashville, TN 37219
                                                Telephone: (615) 244-2202
                                                Facsimile: (615) 252-3798
                                                dgarrison@barrettjohnston.com
                                                jfrank@barrettjohnston.com

                                                *Pro Hac Vice* anticipated

                                                *Attorneys for Plaintiff*